UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CAREN, | No. 2:21-cv-0442 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security[1], | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the Administrative Law Judge's treatment of the medical opinion evidence and examination of the Vocational Expert were erroneous. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 12.)

## PROCEDURAL BACKGROUND

In March of 2014, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on September 26, 2012. (Transcript ("Tr.") at 189-202.)  Plaintiff's alleged impairments included loss of short-term memory, difficulty with words, names and math, anxiety, disordered thoughts, and dementia.  (Id. at 224.)  Plaintiff's applications were denied initially, (id. at 112-16), and upon reconsideration. (Id. at 120-24.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 20, 2016.  (Id. at 33-58.)  On August 3, 2016, the ALJ issued a decision finding that plaintiff was not disabled.  (Id. at 28.)  Plaintiff filed a civil action in this court on September 28, 2017.  (Id. at 554.)  On March 5, 2019, the court issued an order granting plaintiff's motion for summary judgment and remanding the matter for further administrative proceedings.  (Id. at 551.)

On October 3, 2019, plaintiff appeared at another administrative hearing before an ALJ. (Id. at 488-505.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 490-91.)  On November 7, 2019, the ALJ issued a decision finding, again, that plaintiff was not disabled.  (Id. at 481.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since September 26, 2012, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: anxiety, depression, and cognitive disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range

of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out simple instructions. He can perform routine, repetitive tasks. He can occasionally interact with the public and coworkers. He can tolerate only occasional changes to the work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1953 and was 58 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 26, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 459-81.)

On January 19, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's November 7, 2019 decision. (Id. at 444-47.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 11, 2021. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

////

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

////

////

////

////

**APPLICATION**

Plaintiff's pending motion asserts the following two principal errors: (1) the ALJ's treatment of the medical opinion evidence was erroneous; and (2) the ALJ improperly questioned the Vocational Expert. (Pl.'s MSJ (ECF No. 17) at 8-15.[3])

**I.   Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).[4]

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] Effective March 27, 2017, Revisions to Rules Regarding the Evaluation of Medical Evidence went into effect. Plaintiff's application, however, was filed prior to March 27, 2017. "For claims filed before March 27, 2017, but not decided until after that date . . . the rules listed in 20 C.F.R.

Here, plaintiff essentially challenges the ALJ's treatment of the many medical opinions evaluated by the ALJ. (Pl.'s MSJ (ECF No. 17) at 9-13.) Review of the ALJ's opinion finds that the ALJ's treatment of at least two of the medical opinions was erroneous. In this regard, the ALJ acknowledged that three treating sources, "Drs. Hinton and Shimoyama and psychologists, Dr. Gilroy," provided treating source opinions, which the ALJ assigned "little weight." (Tr. at 476.) The ALJ attempted to support this determination by asserting:

> Dr. Gilroy's CBT [Cognitive Behavioral Therapy] records generally show the claimant participated in groups with only some reported missed groups and that sometimes he was quiet in group. The CBT notes show the claimant understood how to recognize/monitor behavior and employ the behavioral skills discussed/taught at group. Such evidence is not consistent with poor or extreme limitations in the ability to function from a mental standpoint. Dr. Gilroy cited the claimant has executive functioning problems that cause marked and extreme limitations but this is not consistent with the numerous records of her observations of the claimant during CBT groups, in individual therapy, or with the neurological evaluation and testing discussed above.
>
> I note the records show the claimant had partial response to medication management and at times self-discontinued medications with a rise in symptoms. However, medications were added and/or changed, and the claimant's abnormal mental presentation during these times was not ongoing and there was no substantial evidence of worsening to support Dr. Hinton's adverse opinion. Accordingly, for the foregoing reasoning, I find Drs. Hinton and Gilroy's opinions not consistent with substantial evidence and thus no support for more than little weight is warranted.

(Tr. at 477.)

However, the opinions offered by Dr. Hinton—plaintiff's treating psychiatrist—and Dr. Gilroy—plaintiff's treating psychologist—specifically applied to plaintiff's "ability to do work-related activities on a day-to day basis in a regular (40 hour) work setting[.]" (Id. at 442, 711, 714.) It is far from clear how plaintiff's behavior during therapy sessions undermines the opinions of treating specialist with respect to how plaintiff would perform in a work setting. See Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the

---

§§ 404.1527(c), 416.927(c) apply." Edinger v. Saul, 432 F.Supp.3d 516, 530 (E.D. Pa. 2020).

person's impairments no longer seriously affect her ability to function in a workplace."). It must also be acknowledged that "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

Moreover, the ALJ's opinion recounts at length considerable evidence consistent with the opinions of Drs. Hinton and Gilroy, such as plaintiff's fluctuating symptoms, multiple medication trials and/or adjustments, fluctuating PHQ-9 scores[5], and continued treatment for depression and anxiety. (Tr. at 470-77.) Given the ALJ's lengthy recounting of the medical evidence, which paints at least a complicated picture of plaintiff's impairment, the court cannot say that the ALJ provided a specific and legitimate reason supported by substantial evidence in the record for rejecting the opinions of Drs. Hinton and Gilroy.[6] Accordingly, plaintiff is entitled to summary judgment on this claim.

## II. Step Five Error

Plaintiff also argues that the ALJ erred at step five of the sequential evaluation by failing to properly question the Vocational Expert. (Pl.'s MSJ (ECF No. 17) at 14-15.) At step five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (alterations in original)). "To aid in making this determination, the ALJ may rely on

////

---

[5] The PHQ-9 "is a[n] instrument for making criteria-based diagnoses of depressive and other mental disorders commonly encountered in primary care." Norman v. Berryhill, No. 17-CV-04108-SI, 2018 WL 4519952, at *2 (N.D. Cal. Sept. 19, 2018) (citing Kurt Kroenke, MD, et al., *The PHQ-9: Validity of a Brief Depression Severity Measure*, 16 J. Gen. Intern. Med. 606 (2001)) (internal quotation marks omitted). The ALJ's opinion reflects that plaintiff's scores fluctuated to reflect mild to severe depression. (Tr. at 467-77.)

[6] As has been said with respect to briefs filed by lawyers, "[j]udges are not like pigs, hunting for truffles buried in" the evidence of record in evaluating decisions of the ALJ. U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991).

1  an impartial vocational expert to provide testimony about jobs the applicant can perform despite
2  his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016).

3  　　　While an ALJ may pose a range of hypothetical questions to a vocational expert ("VE")
4  based on alternate interpretations of the evidence, the hypothetical question that ultimately serves
5  as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the
6  ALJ's final residual functional capacity assessment, must account for all of the limitations and
7  restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228
8  (9th Cir. 2009).

9  　　　"If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the
10 expert's testimony has no evidentiary value to support a finding that the claimant can perform
11 jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v.
12 Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the
13 hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's
14 testimony cannot constitute substantial evidence to support the ALJ's findings."). Moreover,
15 "[w]hen there is an apparent conflict between the VE's testimony and the Dictionary of
16 Occupational Titles ("DOT")—for example, expert testimony that a claimant can perform an
17 occupation involving DOT requirements that appear more than the claimant can handle—the ALJ
18 is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846.

19 　　　Here, examining psychologist Dr. Michelina Regazzi opined, in relevant part, that plaintiff
20 "may need more prompts and reminders than the average employee," as plaintiff was "not
21 markedly impaired," in the ability to perform work activities without special or additional
22 supervision. (Tr. at 368.) That plaintiff was "not markedly impaired," implies that plaintiff was
23 impaired to some unidentified degree less than markedly. The ALJ assigned Dr. Regazzi's
24 opinion "great weight." (Id. at 477.) Moreover, medical expert Dr. Kent Layton testified, in
25 relevant part, that plaintiff would need to perform work "with just occasional public, supervisor,
26 and coworker[]" contact. (Id. at 497.) The ALJ also purported to assign Dr. Layton's opinion
27 "great weight." (Id. at 477.)
28 ////

In questioning the VE, however, the ALJ failed to include any limitation accounting for plaintiff's need for "more prompts and reminders," or only occasional contact with a supervisor. (Id. at 502-04.) The failure to include these limitations is erroneous. See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) ("the failure to clarify DeLorme's limitations left the vocational expert's testimony couched in somewhat ambiguous terms").

Both as to this error and the error with respect to the treatment of the medical opinion evidence addressed above, defendant attempts to provide the specific reasoning absent from the ALJ's opinion. (Def.'s MSJ (ECF No. 20) at 8-15.) The court, however, is limited to the reasoning offered in the ALJ's opinion. See Bray, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not

9

remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the nature of the ALJ's errors, the court cannot say that further administrative proceedings would serve no useful purpose.  This matter, therefore, will be remanded for further proceedings.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated:  March 8, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\caren0442.ord